UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CODY RAY BLACKMAN | Case No. 6:18-CV-01981-AC |
| Petitioner, | FINDINGS AND RECOMMENDATION |
| v. | |
| HEATHER DAY STUTRUD, Marion County Sheriff's Office, Community Corrections Division, | |
| Respondent. | |

ACOSTA, Magistrate Judge:

*Introduction*

Petitioner Cody Blackman ("Blackman") brings this federal habeas corpus proceeding under 28 U.S.C. § 2254. Petitioner challenges his convictions pursuant to entry of guilty pleas to two counts of attempted kidnapping in the second degree. For the following reasons, the Petition for Writ of Habeas Corpus (ECF No. 1) should be denied.

PAGE 1 – FINDINGS AND RECOMMENDATION

*Background*

I. Criminal Case

The State of Oregon charged Blackman with two counts of attempted kidnapping in the second degree. (Exs. to Ans., ECF No. 22 ("Answer"), Ex. 110.) The State charged that, on or about April 16, 2015, Blackman attempted to take two separate victims, a 15-year-old and a 16-year-old boy, from one place to another with the intent to substantially interfere with their personal liberty. (Br. in Supp. of Second Am. Pet. for Writ of Habeas Corpus, ECF No. 27 ("Br.") at 2.)

On May 20, 2015, Blackman signed a plea petition on the advice of his counsel, John Storkel ("Storkel"), whereby he agreed to plead guilty to both charges in exchange for a sentence of probation. (Br. at 2-3.) On May 28, 2015, the trial court imposed the sixty-month probationary sentence as agreed to by the parties. (Br. at 3.) The sentence also included conditions requiring Blackman to register as a sex offender. (Br. at 3.)

II. Motion to Withdraw Guilty Plea

On June 4, 2015, Blackman appeared before the court on a motion to withdraw his plea or modify the judgment to remove the sex offender requirement. (Br. at 3.) The prosecutor acknowledged there was a misunderstanding on both his and Storkel's part over whether Blackman was required to register as a sex offender. (Answer, Ex. 142 at 29: 14-24.) The prosecutor conceded based on this misunderstanding that Blackman had the right to withdraw his plea. (Answer, Ex. 142 at 30: 6-11.) The trial court asked Storkel if Blackman wanted to withdraw his plea, and Storkel said he did not. (Answer, Ex. 142 at 31: 2-5.) The court asked Blackman if he understood his right to withdraw his plea, and Blackman said he understood. (Answer, Ex. 142 at 31: 18.) The court concluded that it was satisfied Blackman understood the situation and did not want to withdraw his plea agreement. (Answer, Ex. 142 at 32: 5-10.)

////

III. Post- Conviction Relief

In April 2016, Blackman filed a *pro se* petition for state post-conviction relief ("PCR"). (Br. at 4) In a counseled Amended Petition, Blackman alleged Storkel failed to ensure Blackman's "guilty pleas were knowingly, intelligently, and voluntarily made because Storkel did not adequately explain the allegations and facts to Blackman so Blackman could fully understand and appreciate the consequences of entering guilty pleas to the alleged charges." (Answer, Ex. 123 at 3: 5-8.)

The PCR trial court conducted an evidentiary hearing in April 2017. (Br. at 4.) At the hearing, Blackman testified that he did not receive a copy of the police reports until a year after his guilty plea. (Answer, Ex. 143 at 14: 9-10.) He said Storkel would instead summarize the police reports in their meetings. (Answer, Ex. 143 at 13: 19-20.) Blackman claimed that if he had read the police reports earlier, he would not have pleaded guilty and would have brought his case to trial. (Answer Ex. 143 at 16: 8-9.) Storkel also testified as a witness at the hearing. (Br. at 6.) Storkel admitted that he did not provide Blackman with copies of the police reports, but explained he did not because he feared they might bring Blackman harm while in custody because of the nature of his crime. (Answer, Ex. 143 at 36: 14-18.) Instead of providing the actual reports to Blackman, Storkel reviewed "substantive portions" of the police reports and other discovery with Blackman. (Answer, Ex. 143 at 35: 6.)

At the conclusion of the hearing, the PCR court found Storkel's response to be credible and no deficiency in his performance as counsel. (Br. at 7.) On April 20, 2017, the court issued a judgment denying relief, which memorialized the court's in-court findings:

> [Petitioner] signed a written plea [petition] that sets out his rights, and the plea agreement states that he'd gone over the police reports with his attorney.

////

PAGE 3 – FINDINGS AND RECOMMENDATION

> The court inquired of [petitioner] and [petitioner] had an opportunity to ask questions and make a statement.
>
> [Petitioner] had an opportunity to later withdraw his plea and chose not to do so.
>
> This was a good deal – the second conviction was a 7D (19-20 months).
>
> [Attorney] did not give [petitioner] a copy of the [police reports] due to their nature. Court believes [attorney] and investigator went through [police reports with petitioner] and [petitioner] knew what facts would be at trial.
>
> [Court] finds the plea knowing and voluntary and a good decision. This court has read the police reports and the state certainly had sufficient evidence to get this case to a jury. [Petitioner]'s own statements would certainly be damaging. This court does not believe that [petitioner] would have chanced a penitentiary sentence by going to trial.
>
> This court finds no inadequacy and no prejudice.

(Br. at 7-8.)

IV. Post-Conviction Appeal

On May 12, 2017, Blackman filed a Notice of Appeal from the PCR judgment. (Br. at 8.) In his brief Blackman noted that, to prevail, he had to prove both (1) that his counsel's performance was deficient, and (2) that he suffered prejudice. (Answer, Ex. 137 at 7-8.) The State filed a motion for summary affirmance, contending that Blackman failed to actually challenge both prongs. (Answer, Ex. 138 at 2-3.) On July 26, 2018, the Oregon Court of Appeals granted the State of Oregon's motion for summary affirmance on the grounds that Blackman did not assign error to the PCR trial court's conclusion that Storkel did not render ineffective assistance. (Answer, Ex. 141.)[1]

---

[1] The court denied relief based upon *Austin v. Premo*, 280 Or. App. 482 (2016), which held that where a petitioner seeks PCR based on ineffective assistance of counsel and the trial court denies relief for failure of proof of both ineffective assistance and prejudice, to avoid summary judgment on appeal, the petitioner must raise a substantial question of law as to both elements. Here, Blackman addressed only the element of prejudice.

PAGE 4 – FINDINGS AND RECOMMENDATION

On October 4, 2018, the Supreme Court of Oregon denied Blackman's petition for review without a published opinion. (Br. at 10.)

Blackman subsequently petitioned this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Second Am. Pet for Writ of Habeas Corpus, ECF No. 10.) Blackman again alleged that he received ineffective assistance of trial counsel, and that Blackman would have chosen to go to trial had he received "thorough and accurate legal advice" from Storkel. (Br. at 16-17.) The Respondent countered that these issues are resolved as the PCR trial court decision qualifies for deference from this court. (Resp. to Second Am. Pet. for Writ of Habeas Corpus, ECF No. 20 ("Response") at 13-14.)

The Respondent also contends the claim for relief is procedurally defaulted. (Response at 5.) However, because it is apparent that Blackman is not entitled to relief on the merits of his claims, the court does not address procedural default. *See* 28 U.S.C. § 2254(b)(2) ("[a]n application for writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"); *Runningeagle v. Ryan*, 686 F.3d 758, 778 (9th Cir. 2012)(exercising discretion afforded under § 2254(b)(2) to decline to address procedural default issue where relief denied on the merits).

*Legal Standard*

An application for a federal writ of habeas corpus is governed by 28 U.S.C. § 2254, as revised by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA instructs federal courts to not grant a writ of habeas corpus unless the adjudication of a claim in state court was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or (2) "was based on an unreasonable

PAGE 5 – FINDINGS AND RECOMMENDATION

determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is contrary to federal law "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003)(quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). Alternatively, "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court]'s decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. The inquiry under this clause is not whether the state court decision was erroneous, but whether the decision was "objectively unreasonable." *Nunes v. Mueller*, 350 F.3d 1045, 1051 (9th Cir. 2003)(citing *Wiggins v. Smith*, 539 U.S. 510, 521 (2003)).

The Sixth Amendment provides defendants with the right to assistance of counsel in all criminal prosecutions, which implies the right to effective assistance of counsel. *Missouri v. Frye*, 566 U.S. 134, 138 (2012). The "Sixth Amendment guarantees a defendant the right to have counsel present at all 'critical' stages of the criminal proceedings." *Id.* at 140 (quoting *Montejo v. Louisiana*, 556 U.S. 778, 786 (2009)). In *Padilla v. Kentucky*, the Court noted that the negotiation of a plea bargain is included among these "critical stages." 559 U.S. 356, 373 (2010).

The Supreme Court set forth a two-prong standard for evaluating claims of ineffective assistance of counsel in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a defendant must show that their counsel's "representation fell below an objective standard of reasonableness," *id.*

PAGE 6 – FINDINGS AND RECOMMENDATION

at 688; and second, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694.

Review of counsel's performance under the first prong should be "highly deferential." *Id.* at 689. "Every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* Under the "prejudice" prong, where a defendant claims ineffective assistance of counsel led him to accept a plea agreement instead of going to trial, he must show a "reasonable probability" that, but for his counsel's ineffectiveness, he would have proceeded to trial and would not have pleaded guilty. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

A federal habeas review of an ineffective assistance of counsel claim is "doubly deferential." *See Cheney v. Washington*, 614 F.3d 987, 995 (noting federal court review of a state court *Strickland* decision applies *both* AEDPA and *Strickland* deference). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Premo v. Moore*, 562 U.S. 115, 123 (2011). The "last reasoned decision" by the state court serves as the basis of review by the federal court under this heightened deferential standard. *Id.*

*Discussion*

Here, the decision of the state PCR trial court provides the basis for review. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991)(the last reasoned decision by the state court is the basis for review by the federal court). The PCR trial court determined "there was no inadequacy here and no prejudice." (Br. at 8.) The court found that Blackman signed a plea petition stating he had gone over the police reports with his attorney, that he had the option to withdraw his plea but chose not to, and that Storkel's explanation for his failure to show Blackman the police reports was

PAGE 7 – FINDINGS AND RECOMMENDATION

acceptable. (Br. at 7-8.) These were not "unreasonable determination[s] of the facts" in light of statements made by Blackman and Storkel in both the PCR court hearing and in the June 4, 2015 hearing to withdraw Blackman's plea or modify the trial court judgment. *See* 28 U.S.C. § 2254(d); *see also* (Answer, Ex. 142 at 31: 2-5; 31:18); *see also* (Answer, Ex. 143 at 36: 14-18.) Given these findings, the PCR trial court was not objectively unreasonable in concluding that Storkel's failure to present Blackman with copies of the police reports was not indicative of prejudice or ineffectiveness in Storkel's role as counsel.

Further, a key factor in the PCR trial court's decision was the strength of the plea deal, which allowed Blackman to avoid prison time. (Answer, Ex. 143 at 46.) In *Hill*, the Supreme Court elaborated on the requirements to satisfy *Strickland*'s first prong within the plea bargain context. 474 U.S. at 58-59. Where, as here, a defendant enters a plea on the advice of counsel, "the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Id.* at 51 (quoting *McMann v. Richardson*, 397 U.S. 759, 551 (1970)). The PCR trial court determined that the State "had sufficient evidence to get this case to a jury" and, therefore, that the plea deal allowed Blackman to avoid a potential penitentiary sentence of nineteen to twenty months. (Br. at 7.) The strength of this plea deal – that it avoided both an unfavorable jury verdict at trial and no incarceration at all – demonstrates Storkel clearly was competent in his role as counsel. Therefore, the PCR trial court was not objectively unreasonable in concluding that Storkel's representation was adequate.

Finally, as the PCR trial court noted, it is unlikely that Blackman would have risked a penitentiary sentence of twenty months. (Answer, Ex. 143 at 46.) In *Premo*, the Court held against the defendant under the second prong of *Strickland* because "[defendant]'s prospects at trial were anything but certain." 562 U.S. at 127. Similarly, the PCR trial court in this case observed that

the State had sufficient evidence to make a twenty-month sentence a considerable risk for Blackman at trial. (Answer, Ex. 143 at 46.) Accordingly, the PCR court finding of no prejudice was not an objectively unreasonable decision.

*Conclusion*

For these reasons, the Petition for Writ of Habeas Corpus (ECF No. 1) should be DENIED, and a judgment of dismissal should be entered. A certificate of appealability should be denied because Blackman has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

### **SCHEDULING ORDER**

The above Findings and Recommendation are referred to a United States District Court Judge for review. Objections, if any, are due by August 3, 2020. If no objections are filed, review of the Findings and Recommendation will go under advisement that date.

A party may respond to another party's objections within 14 days after the objections are filed. If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or on the latest date for filing a response.

DATED this 15th day of July, 2020.

                                                      John V. Acosta
                                                    United States Magistrate Judge

PAGE 9 – FINDINGS AND RECOMMENDATION