IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**CODY RAY BLACKMAN**,

Petitioner,

v.

**HEATHER KAY STUTRUD**,

Respondent.

Case No. 6:18-cv-1981-AC

**ORDER**

**Michael H. Simon, District Judge.**

United States Magistrate Judge John V. Acosta issued Findings and Recommendation in this case on July 15, 2020. ECF 28. Judge Acosta recommended that the Court deny Petitioner's Petition for Writ of Habeas Corpus (ECF 1) and that the court decline to issue Petitioner a Certificate of Appealability.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

PAGE 1 – ORDER

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Petitioner timely filed an objection. ECF 30. Petitioner offered no bases or argument for most of his objections. Instead, he simply identified certain of Judge Acosta's findings and conclusions and stated that he objected to them. A "general" objection to a Finding and Recommendation does not meet the "specific written objection[]" requirement of Rule 72(b) of the Federal Rules of Civil Procedure. *See, e.g.*, *Velez-Padro v. Thermo King de Puerto Rico, Inc.*, 465 F.3d 31, 32 (1st Cir. 2006) ("Conclusory objections that do not direct the reviewing court to the issues in controversy do not comply with Rule 72(b)").

The Court thus considers Judge Acosta's Findings and Recommendation not to have any objections on those points. The Court follows the recommendation of the Advisory Committee

PAGE 2 – ORDER

and reviews the Findings and Recommendation for clear error on the face of the record. No such error is apparent.[1]

Petitioner also objects—this time with substance—to Judge Acosta's recommendation that Petitioner be denied a Certificate of Appealability, arguing that Judge Acosta applied a heightened standard when determining Petitioner's eligibility for appellate review. A petitioner is entitled to a Certificate of Appealability only if he makes a substantial showing that a constitutional right has been denied. 28 U.S.C. § 2253(c)(2). Judge Acosta recommended denying Petitioner a Certificate of Appealability because Petitioner had "not made a substantial showing of the denial of a constitutional right." ECF 28 at 9. Judge Acosta announced the correct standard. The Court has reviewed *de novo* those portions of Judge Acosta's Findings and Recommendation to which Petitioner has objected, as well as Petitioner's objections and Respondent's response. The Court agrees with Judge Acosta's reasoning regarding Petitioner's Certificate of Appealability and adopts those portions of the Findings and Recommendation.

The Court **ADOPTS** Judge Acosta's Findings and Recommendation, ECF 28. Petitioner's Petition for Writ of Habeas Corpus is DENIED and this case is DISMISSED with prejudice. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

DATED this 27th day of August, 2020.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

---

[1] The Court notes that even with a *de novo* review, the Court would adopt Judge Acosta's Findings and Recommendation.

PAGE 3 – ORDER